```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
SONIA ESCOBAR, on behalf of herself
and all others similarly situated,

                     Plaintiff,

        - against -

R.G. ORTIZ FUNERAL HOMES, INC.,
MICHAEL ORTIZ

                     Defendants.
------------------------------------
```

06 CV 5093

COMPLAINT AND
JURY TRIAL DEMAND



Plaintiff, Sonia Escobar, by her attorneys, the LAW OFFICES OF KARL J. STOECKER, for her complaint on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTORY STATEMENT

1. Plaintiff brings this action as a collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA or the "Act") on behalf of herself and all other current and former employees of the defendants who were not paid in accordance with the Act's minimum wage and/or overtime provisions.

2. Like many of defendant's employees, plaintiff was paid an hourly wage less than the minimum wage mandated by the FLSA and was not paid at one and a half times her

1

regular rate of pay for hours worked in excess of forty hours per week.

    3.  By this action plaintiff seeks to recover back pay on behalf of himself and similarly situated employees and to enjoin defendant from further violations of the FLSA.

    4.  Plaintiff brings her claims for violation of the New York State Labor Law's wage and overtime provisions on behalf of a class consisting of residents of New York State who are current or former employees of defendants who were not paid in accordance with New York State's minimum wage and overtime compensation laws and regulations.

## JURISDICTION AND VENUE

    5.  This action arises under the Fair Labor Standards Act., 29 U.S.C.A. § 216, et seq. and New York State Labor Law. This court has jurisdiction of the action pursuant to 29 U.S.C.A. § 216(b) and 28 U.S.C.A. § 1331. This court has supplemental jurisdiction of plaintiff's claims under New York State Labor Law pursuant to 28 U.S.C. § 1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391(b) and (c). Defendant's principal place of business is located in this district.

## PARTIES

6. Plaintiff resides in Bronx County in New York City. She has been employed as a clerk and cleaner by the defendants since 1998.

7. Defendant R. G. Ortiz Funeral Home, Inc. ("Ortiz Funeral Home" or "the Company") is a New York corporation with its principal place of business located at 524 Southern Boulevard, Bronx, New York 10455-4600.

8. The Company operates a Funeral Home at the above address and, upon information and belief, at the following eight locations in New York City under the names Rivera Funeral Home and R.G. Ortiz Funeral Homes: 310 Willis Avenue, 1908 Bathgate Avenue and 2580 Grand Concourse in the Bronx; at 104-02 37th Avenue in Corona, New York; and at 22 First Avenue, 235 West 72nd Street, and 1260 St. Nicholas Avenue, in Manhattan.

9. Defendant Michael Ortiz ("Ortiz") is the Chairman and Chief Executive Officer of defendant Ortiz Funeral Home and manages its day to day operations.

10. Defendant Ortiz is an employer with the meaning of 28 U.S.C. § 203(d), in that he acted "directly or indirectly in the interest" of defendant Ortiz Funeral Home in relation to all of the Company's employees and at all relevant times possessed and exercised the authority to hire and fir employees, to supervise, direct and

3

control their work, and to prescribe their work hours and rate of pay.

### SUBSTANTIVE ALLEGATIONS

11.     Plaintiff was employed as a clerk and cleaning person by defendants.  Her duties included working with customers to complete service contracts, making arrangements with clergy and others to participate in funeral services, and general clerical and cleaning and maintenance duties.

12.     Plaintiff typically worked from 8 a.m. to 10:00 p.m., six to seven days a week, and was paid in cash at the rate of $70.00 per day, although often several weeks or months after her wages were earned.

13.     Although she worked 14 hour days, and far in excess of 40 hours per week, defendant limited her compensation to $70.00 per day and never paid her appropriate overtime compensation, the required minimum wage or appropriate "spread of hours" pay.

14.     From time to time, defendant made improper and impermissible deductions from plaintiff's wages using a variety of pretexts.

15.     In addition to plaintiff, defendants employed numerous clerical, secretarial and cleaning persons who performed duties similar to plaintiff's and,

upon information and belief, were similarly not paid the appropriate minimum wage, overtime compensation, or "spread of hours" pay.

16. In addition to clerical and cleaning staff defendant employed 4-5 unlicensed, undocumented aliens who performed embalming services notwithstanding their lack of proper training and certification as well as drivers, pall bearers and other staff who, upon information and belief, were not paid appropriate wages and/or overtime.

17. As of the date of this complaint, plaintiff has not been paid wages for approximately four weeks. In response to plaintiff's requests for her wages over the course of the last two weeks, defendant Michael Ortiz responded in the same manner he has responded to her complaints about wage violations in the past: he threatened to terminate her employment, hire a lawyer, and ensure that she received nothing if she pursued her claims in court or otherwise.

**CLASS ACTION ALLEGATIONS**

18. Plaintiff brings her claim for violations of the minimum wage and overtime provisions of the New York State Labor Law as a class claim pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of a Class consisting of

residents of New York State who are current or former employees of defendants who were not paid in accordance with New York State's minimum wage and overtime compensation laws and regulations.

19.  Upon information and belief the class is so numerous that the joinder of all members is impracticable. Plaintiff estimates that there are at least fifty class members most of which would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from defendant.

20.  Plaintiff's claims under the New York State Labor Law are typical of all class members claims, because, like all members of the class, plaintiff was adversely affected by defendant's scheme to avoid its minimum wage and overtime obligations under New York State law.

21.  Plaintiff will fairly and adequately protect the interests of the class and have retained counsel that is experienced and competent in the fields of labor law and class litigation, and, in particular, wage and hour class litigation.  Plaintiff has no interest that is contrary to or in conflict with those of the members of the class.

22.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the

class is impracticable. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done to them. There will be no difficulty in the maintenance of this action as a class action.

23.  Questions of law and fact common to the members of the class predominate over any questions that may affect only individual members because defendants have acted on grounds generally applicable to the entire class. Among the common questions of law and fact are:

> a.  whether defendant failed to comply with its overtime obligations to class members;
>
> b.  whether defendant failed to comply with its minimum wage obligations to class members; and
>
> c.  whether the foregoing violations were willful.

24.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
(Violation of the Fair Labor Standards Act,
29 U.S.C.A. § 206(a)(1)(minimum wage)

25.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above.

26.     The FLSA required defendants to pay plaintiff and members of the class not less than $5.15 per hour beginning September 1, 1997.  Defendant violated the foregoing FLSA provisions by paying plaintiff and members of the class less than the minimum and/or overtime wage mandated by the FLSA.

27.     Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the FLSA.

28.     As a result of the wrongful conduct alleged herein, plaintiff and other members of the class have suffered damages in an amount based upon the difference between the wage they received from defendant during the term of their employment and the minimum wage and/or overtime wage mandated by the FLSA.

### SECOND CAUSE OF ACTION
(Violation of the Fair Labor Standards Act,
29 U.S.C.A. §207(a)(1)(overtime))

29.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above.

30.     The FLSA required defendants to pay plaintiff and members of the class overtime compensation at the rate of one and a half times their regular rate of pay for each hour worked in excess of forty hours during a given work week.

8

31. Defendants failed to pay plaintiff and the class overtime compensation as required by the FLSA.

32. Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the FLSA.

33. As a result of the wrongful conduct alleged herein, plaintiff and other members of the class have suffered damages in an amount based upon the difference between the wage they received from defendant during the term of their employment and the minimum wage and/or overtime wage mandated by the FLSA.

### THIRD CAUSE OF ACTION
(Violation of N.Y. Labor Law § 160 and 12 NYCRR § 142-2.2)

34. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above.

35. Defendant's failure to pay overtime to plaintiff and similarly situated employees violated New York Labor Law § 160 and 12 NYCRR § 142-2.2.

36. By wrongfully refusing to pay plaintiff for overtime hours worked, defendants violated the foregoing statute with knowing and/or reckless disregard for its proscriptions.

**FOURTH CAUSE OF ACTION**
(Violation of Article 19 of the N.Y. Labor Law and Section 142-2.2 of NYCRR)

37.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above.

38.     Article 19 of the N.Y. Labor Law and Section 142-2.2 of NYCRR required defendants to pay plaintiff and members of the class not less than $6.00 per hour. Defendant violated the foregoing provisions by paying plaintiff and members of the class less than the mandated minimum wage.

39.     Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the foregoing provisions

40.     As a result of the wrongful conduct alleged herein, plaintiff and other members of the class have suffered damages in an amount based upon the difference between the wage they received from defendant during the term of their employment and the minimum wage.

**FIFTH CAUSE OF ACTION**
(Violation of 12 NYCRR § 142-2.4 "Spread of Hours" Pay)

41.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above.

42.     12 NYCRR § 142-2.4 required defendants to pay plaintiff and members of the class an extra hour's

10

wages for any day when the interval between the beginning and end of the work day exceeded ten hours.

43.     Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the foregoing provisions

44.     As a result of the wrongful conduct alleged herein, plaintiff and other members of the class have suffered damages.

### SIXTH CAUSE OF ACTION
(Violation of New York Labor Law § 193 (unlawful deductions from wages)

45.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above.

46.     Defendants' deductions from plaintiff's wages constituted violations of New York Labor Law § 193 which prohibits deductions from wages.

47.     Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the foregoing provisions

48.     As a result of the wrongful conduct alleged herein, plaintiff and other members of the class have suffered damages.

**SEVENTH CAUSE OF ACTION**
(Violation of New York Labor Law § 191 (failure to pay wages on a timely basis)

49. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 2 4above.

50. Defendants' failure to pay plaintiff wages on a semi-monthly or more frequent basis violated New York Labor Law § 191.

51. Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the foregoing provisions

52. As a result of the wrongful conduct alleged herein, plaintiff and other members of the class have suffered damages.

**SEVENTH CAUSE OF ACTION**
(Violation of New York Labor Law (failure to pay wages)

53. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 24 above.

54. Defendants' failure to pay plaintiff wages constitutes s violation of the New York Labor.

55. Defendant knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the foregoing provisions.

56.     As a result of the wrongful conduct alleged herein, plaintiff and other members of the class have suffered damages.

WHEREFORE, plaintiff prays that this Court grant plaintiff, and similarly situated current and former employees of the defendants, the following relief:

1. An award of their actual damages arising from defendant's violations of the FLSA and New York State Labor Law, in an amount to be determined at trial;

2. An award of liquidated damages on the FLSA claims;

3. An order enjoining defendant from engaging in the future in the wrongful practices alleged herein;

4. An award of reasonable attorneys' fees and the costs of this action; and

**5.** Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury for all claims stated herein.

Dated:  New York, New York
        June 30, 2006

                                    _____
                                    Karl J. Stoecker (KS 0571)
                                    LAW OFFICES OF KARL J. STOECKER
                                    Attorneys for Plaintiff
                                    18 East 41st Street
                                    New York, NY 10017
                                    (212) 818-0080